**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK MOYE,<br><br>        Petitioner,<br><br>    v.<br><br>H. A. RIOS, Jr.,<br><br>        Respondent. | Case No. 1:11-cv-02131-AWI-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DENY THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1) AND TO ENTER JUDGMENT FOR RESPONDENT<br><br>FINDINGS AND RECOMMENDATIONS TO DELINE TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on December 27, 2011.  Respondent filed an answer on May 7, 2012. Petitioner filed a traverse on June 28, 2012.  On August 9, 2012, Respondent filed a supplement to the answer; Petitioner filed a supplemental traverse on October 1, 2012.

   I.   Jurisdiction

Because the petition was filed after April 24, 1996, the

1

effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

Petitioner contends the Federal Bureau of Prisons (BOP) improperly calculated his sentence and release date because the BOP failed to give him credit on his federal sentence for time spent in state custody serving a state sentence imposed after the federal sentence. The state court indicated an intent that the state sentence be served concurrently with the previously imposed federal sentence, but did not transfer Petitioner to primary federal jurisdiction.

A claim challenging the manner, location, or conditions of a sentence's execution must be brought under § 2241. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). A challenge to the manner in which a sentence is executed must be brought in a habeas petition pursuant to 28 U.S.C. § 2241. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991) (concerning whether the parole commission had improperly failed to credit the prisoner's federal sentence with time served in state custody). Thus, this Court has jurisdiction over Petitioner's claim concerning the execution of his sentence.

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). Petitioner has named as Respondent the warden of his institution of confinement, who is within this district.

The Court concludes it has jurisdiction over the subject matter of the petition as well as jurisdiction over the person of the Respondent.

Respondent also concedes that Petitioner has named a proper respondent, venue is proper in this district, and Petitioner has exhausted administrative remedies. (Ans., doc. 16, 2-3.)

II. <u>Factual Summary</u>

The following undisputed factual summary is taken from the documentation filed by Respondent. (See pet., doc. 1, 7-8.)

Petitioner was arrested on January 12, 2004, by Texas state authorities for assault on a public officer that occurred in the course of an attempt to arrest Petitioner for parole violations. When arrested, it was discovered that Petitioner possessed a firearm. (Doc. 19-1 at 2, 7; doc. 16-1 at 3, 13.)

On February 10, 2004, Petitioner was temporarily transferred from state custody to federal custody on a writ of habeas corpus ad prosequendum to stand trial for a federal charge of being a felon in possession of a firearm. (Doc. 16-1 at 6, 10.) Petitioner later entered a plea of guilty to the federal charge. Petitioner was sentenced in the United States District Court for the Western District of Texas to a term of 71 months in prison on the federal offense. (Doc. 16-1 at 6, 11, 13-18.) The federal judgment was silent as to whether the sentence imposed should run consecutively or concurrently to any other sentence. (<u>Id.</u> at 13-18.) That issue was also not addressed by the court at the sentencing hearing. (Doc. 19-1, 2-3.)

On July 1, 2004, after his federal sentencing, Petitioner was returned to the custody of state authorities to stand trial on the

3

state charges. (Doc. 16-1 at 7, 10; doc. 19-1 at 3.) On August 20, 2004, Petitioner was sentenced in Travis County Criminal District Court to a seven-year term of state confinement for aggravated assault on a public servant. (Doc. 16-1 at 7, 20-21.) The state sentencing court ordered the state sentence to run concurrently with the prior federal sentence. Id. However, the state did not relinquish primary custody of Petitioner to allow both sentences to be served concurrently.

Petitioner served his state sentence and was released from state custody on January 11, 2011. Petitioner was then turned over to federal authorities to begin serving his 71-month term of imprisonment for the federal conviction of being a felon in possession of a firearm. (Doc. 16-1 at 7, 23-24.) Petitioner thus began receiving credit against his federal sentence on January 11, 2011, when he was turned over to federal authorities. (Doc. 16-1 at 7.)

Petitioner moved the federal sentencing court to amend its judgment to reflect that the federal sentence should run concurrently with his state sentence. The court denied the application to amend the judgment because it had not intended for the sentences to run concurrently at the time it imposed the sentence. (Doc. 19-1, 2-3.)

The BOP also evaluated Petitioner's case to determine whether he might have been eligible for the BOP to designate nunc pro tunc the state institution of confinement as a detention facility for partial service of his federal sentence. (Doc. 17, 3; doc. 18, 12.) The factors considered included the nature of Petitioner's offense (felon in possession of a firearm) and the absence of a

4

recommendation from the sentencing court as well as Petitioner's prior convictions of possession of marijuana, unauthorized use of a motor vehicle, possession of a controlled substance, assault on a police officer, failure to provide identification, and evading arrest. (Doc. 17, 3.) Based on the factors outlined in 18 U.S.C. § 3621(b), it was determined that a retroactive designation was not appropriate. Id.

Based on the BOP's computation of his sentence, Petitioner is currently scheduled to satisfy his federal sentence, via good conduct time release, on March 7, 2016. (Doc. 16-1, 2-4.)

III. Computation of Sentence

Petitioner challenges the BOP's failure to give him credit on his federal sentence for time spent in state custody. Petitioner argues that the BOP overlooked compelling circumstances that entitled him to a nunc pro tunc designation of the state facility as the institution to serve his federal sentence. (Doc. 1, at 3, 31.) In the traverse, Petitioner alleged for the first time that he suffered a violation of due process and equal protection. (Trav., doc. 18; supp. trav., doc. 21, 1.) However, the court exercises its discretion not to consider entirely new claims in the traverse. See, Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994), cert. den., 514 U.S. 1026 (1995); Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

Multiple terms of state and federal imprisonment run consecutively absent a court order that the sentences run

concurrently. 18 U.S.C. § 3584(a).[1] A federal court may exercise its discretion to order a federal sentence to run either concurrently with or consecutively to an anticipated state sentence. <u>Setser v. United States</u>, - U.S. -, 132 S.Ct. 1463, 1473 (2012). Here, the federal sentencing court did not order or intend that Petitioner's federal sentence run concurrently with the state sentence. Indeed, when Petitioner requested that the federal sentencing court amend the judgment to provide for concurrent service, the sentencing court reiterated it did not intend that the sentence run concurrently. Thus, there is no basis for a suggestion that the sentencing court would find that extraordinary circumstances warranted a concurrent sentence. There is no indication that the BOP has proceeded in a manner contrary to the authority of the sentencing court.

The BOP properly proceeded pursuant to federal law when it initially computed the time credit to be given to Petitioner. With respect to credit for time served and the commencement of terms, 18 U.S.C. § 3585 provides as follows:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives

---

[1] Section 3584(a) provides as follows:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

6

>    voluntarily to commence service of sentence at, the
>    official detention facility at which the sentence
>    is to be served.
>
>    (b) Credit for prior custody.--A defendant shall be given
>    credit toward the service of a term of imprisonment for
>    any time he has spent in official detention prior to the
>    date the sentence commences—
>
>        (1) as a result of the offense for which the
>        sentence was imposed; or
>
>        (2) as a result of any other charge for which
>        the defendant was arrested after the
>        commission of the offense for which the
>        sentence was imposed;
>
>    that has not been credited against another sentence.

18 U.S.C. § 3585.  Section 3585 does not authorize a district court to compute pre-sentence credit at the time of sentencing; the Attorney General, acting through the BOP, has the duty to compute the credit allowed by § 3585(b).  <u>United States v. Wilson</u>, 503 U.S. 329, 337 (1992).

The fact that Petitioner was prosecuted and sentenced in federal court before the state court sentence was imposed does not require that the time served on the state sentence in a state institution be credited to the federal sentence.  Generally, the sovereign that first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration. <u>United States v. Warren</u>, 610 F.2d 680, 684-85 (9th Cir. 1980) (citing <u>Ponzi v. Fessenden</u>, 258 U.S. 254, 261-62 (1922)); <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1365 (9th Cir. 1991).  The sovereign with priority of jurisdiction may elect under the doctrine of comity to relinquish jurisdiction to another sovereign.  <u>United States v. Warren</u>, 610 F.2d at 685.  The production of a federal defendant for

7

prosecution by a federal writ of habeas corpus ad prosequendum from state custody does not interrupt the primary jurisdiction of the state.  See Thomas v. Brewer, 923 F.2d 1361.  Instead, the state retains primary jurisdiction over the prisoner, and federal jurisdiction does not commence until state authorities relinquish primary jurisdiction and custody.  See Del Guzzi v. United States, 980 F.2d 1269 (9th Cir. 1992).

Here, Texas relinquished primary custody on January 11, 2011.  At that point, the Petitioner's prison term could commence pursuant to § 3585(a).  Since that date, Petitioner's federal sentence has been properly computed and executed.  The time Petitioner spent in custody awaiting trial on his federal charge did nothing to interrupt the primary jurisdiction of Texas, and that time was properly credited as time already served toward his state sentence. (Doc. 16-1, 20.)

With respect to Petitioner's challenge to the BOP's failure to grant a nunc pro tunc designation, 18 U.S.C. § 3621(b) states that the BOP "shall designate the place of the prisoner's imprisonment," and "may designate" any correctional facility meeting minimal standards, even if it is not maintained by the federal government, that "the Bureau determines to be appropriate and suitable," considering 1) the resources of the facility contemplated, 2) the nature and circumstances of the offense, 3) the history and characteristics of the prisoner, 4) any statement by the court that imposed the sentence a) concerning the purposes for which the sentence to imprisonment was determined to be warranted, or b) recommending a type of penal or correctional facility as appropriate, and 5) any pertinent policy statement issued by the

Sentencing Commission pursuant to section 994(a)(2) of title 28.  18 U.S.C. § 3621(b).  The BOP may designate a state facility as appropriate for the service of a "concurrent" federal sentence when it complies with the intent of the federal sentencing court or comports with the goals of the judicial system.  Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002).  However, the BOP has broad discretion to refuse to make a nunc pro tunc designation of a state prison even if it is contrary to a state sentencing court's order.  Reynolds v. Thomas, 603 F.3d 1144, 1151 (9th Cir. 2010), abrogated on other grounds by Setser, 132 S.Ct. at 1473.

There is no subject matter jurisdiction in this Court to review individualized, discretionary determinations made by the BOP pursuant to 18 U.S.C. § 3621; however, judicial review remains available for allegations that BOP action is contrary to established federal law, violates the Constitution, or exceeds statutory authority.  Reeb v. Thomas, 636 F.3d 1224, 1228-29 (9th Cir. 2011).  This Court thus lacks the jurisdiction to review the discretionary determination of the BOP in Petitioner's case.  Reeb, 636 F.3d at 1228-29; see Baskerville v. Babcock, no. 2:11-cv-0843-JFM(HC), 2012 WL 2562350, at *6-*7 (E.D.Cal. June 29, 2012) (unpublished); Butler v. Sanders, no. CV-11-8625-JHN(JEM), 2012 WL 893742, at *4-*5 (C.D.Cal. Jan. 23, 2012) (unpublished).

This Court retains jurisdiction to determine whether non-individualized BOP action is contrary to its statutory authority.  Close v. Thomas, 653 F.3d 970, 973-74 (9th Cir. 2011), cert. den.,

132 S.Ct. 1606 (2012).  The record submitted by the parties reflects that the BOP articulated the correct legal standards, considered the appropriate criteria, and came to a determination regarding retroactive designation in a manner that was consistent with the statutory requirements and with the stated intention of the federal sentencing court.

This case is distinguishable from Cozine v. Crabtree, 15 F.Supp.2d 997, 1011 (D.Ore. 1998), cited by Petitioner, because there both the state court and the petitioner had attempted to effectuate a transfer to federal custody for service of the state sentence, and the federal authorities had refused.

In summary, Petitioner has not shown that the BOP's computation of Petitioner's credit or consideration of Petitioner's request for a nunc pro tunc designation order was contrary to established federal law, violated the Constitution, or exceeded statutory authority.  Accordingly, it will be recommended that the petition for writ of habeas corpus be denied.

IV.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, in an abundance of caution, the Court will consider whether a certificate of appealability should issue. It does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of any right protected by federal law. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

V. Recommendations

In accordance with the foregoing analysis, it is RECOMMENDED

that:

    1) The petition for writ of habeas corpus be DENIED;

    2) Judgment be ENTERED for Respondent; and

    3) The Court DECLINE to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 27, 2015**             **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE